UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| JENEAN MCBREARTY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:16-121-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| DR. VICTOR KAPPELER, et al., | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Plaintiff's Motion [DE 42] and Amended Motion to Vacate [DE 34] the Court's March 31, 2017, Memorandum Opinion and Order dismissing all claims against Victor Kappeler because she learned on July 19, 2017, during the deposition of Defendant Carole Garrison, that Kappeler was Assistant Dean during the relevant time period and because Garrison testified that Kappeler gave her permission to take down McBrearty's posts.

The Court understands McBrearty's Motion and Amended Motion to Vacate as a motion to amend the complaint to plead that Kappeler "actively engaged in unconstitutional behavior" in violation of 42 U.S.C. § 1983 and was, thus, directly responsible for any harm which befell her because he gave Garrison permission to take down McBrearty's posts after Garrison consulted with him. *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). For the reasons set forth in the Court's Memorandum Opinion and Order on

McBrearty and Garrison's cross-Motions for Summary Judgment, the actions of which McBrearty complains and the undisputed material facts reveal no violation of federal constitution law to sustain a claim against Garrison under 42 U.S.C. § 1983. The same analysis would apply to a claim of direct liability against Kappeler, and the Court sees no cause to vacate its March 31, 2017, Order or to permit amendment at this time.

Accordingly, Plaintiff's Motion [DE 42] and Amended Motion to Vacate [DE 34] are **DENIED**.

This the 9th day of January, 2018.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge